UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| STEVE SMITH, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 2:04cv194 PS |
| | ) | |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent | ) | |

**OPINION AND ORDER**

*Pro se* petitioner Steve Smith, an inmate at the Indiana State Prison ("ISP") in Michigan City, Indiana, while being handcuffed by a staff member in his cell, broke away from the officer and flushed something down the toilet. An administrative charge of physically resisting staff was brought against him, and after being found guilty by the Conduct Adjustment Board (CAB), he was docked ninety days of good time credit. After exhausting his administrative remedies, Smith filed a petition seeking relief under 28 U.S.C. § 2254.

**I. RELEVANT FACTS**

On November 24, 2003, Officer Morris prepared a conduct report which charged Smith with physically resisting a staff member. (Exhibit A). While being handcuffed so that his cell could be searched, Smith broke away from Officer Morris. Officer Morris says Smith, "grabbed something from his bed and flushed it down the toilet." (Exhibit A). Officer Yancey gained control of Smith and finished handcuffing him. On December 2, 2003, Smith was notified of the charge against him. He requested that Officer Morris, Officer Bailey and Lt. Yancey serve as witnesses at the hearing. Each submitted written statements to the CAB and all stated that Smith resisted being handcuffed; two of the officers further stated that Smith flushed something down the toilet after he broke away

from Officer Morris. (*See* Ex. A, E-1, and E-2).

The CAB hearing was held on December 8, 2003. Smith argued at the hearing that he wasn't resisting, but was stepping away from the officer to explain that he had a medical condition which required the use of double cuffs. The CAB found Smith guilty of physically resisting a staff member in the performance of his duty. (Exhibit F). Smith's finding of guilt was based on the staff reports, evidence from witnesses, Smith's own statement, and Smith's medical records. The CAB then imposed a loss of ninety days earned credit time. The sentence was upheld by the superintendent and the final reviewing authority.

## II. STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Smith be given: (1) advance written notice of the charges against him at least 24 hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.,* and the decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). The so-called "some evidence" standard has been repeatedly applied in this circuit. *See e.g. Webb v.*

*Anderson*, 224 F.3d 649 (7th Cir. 2000); *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999); and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence." *Webb,* 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id. citing Hill*, 472 U.S. at 457. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id. citing Hill*, 472 U.S. at 455-56.

### III.  DISCUSSION

Mr. Smith claims that the State violated his constitutional rights in several ways. He alleges four different due process violations all relating to alleged failures by the State to follow prison policies.  He alleges: 1) that he was neither kept in segregation nor "keylocked" in his cell while waiting for the hearing before the CAB in violation of State policy; 2) that his hearing was not held within the appropriate time frame; 3) that he was charged twice for the same incident; 4) that he was admitted to pre-hearing segregation 11 days after the conduct reports were written; and 5) that his rights were violated when the officers disregarded Smith's warning that he had a medical reason for being double cuffed.

**A. Violations of Prison Policies**

The first four claims set out above can be quickly addressed. Mr. Smith claims that there were several violations of prison policy in that he was not keylocked as soon as he should have been, that the hearing was not held within seven days, that two conduct reports were written based on the

3

same incident, and that he was wrongfully advised about pre-hearing segregation. However, relief in this action is only available from violations of the federal constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). Due process requires only that Smith receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline which is supported by some evidence in the record. *See Wolff v. McDonald*, 418 U.S. 539 (1974); *Walpole v. Hill*, 472 U.S. 445 (1985); and *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000). He received each of these safeguards, and so long as they are met, violations of prison policy are matters of state law beyond the scope of habeas corpus. State law questions, such as challenges to prison policy, do not state a claim for habeas relief and must be denied. *Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997).

**B. Disregard of Medical Warning**

Mr. Smith claims that the officers who handcuffed him committed "procedural error" when they disregarded his medical condition which required them to use double handcuffs on him. It is unclear exactly what Smith is claiming in this regard. If he is arguing that he was hurt or injured by the manner in which the officers handcuffed him, then his claim is more appropriately brought under 42 U.S.C. § 1983. *Hadley v. Holmes*, 341 F.3d 661, 665 (7th Cir. 2003) (stating that district courts faced with a § 1983 suit brought under § 2254 should, rather than reach the merits, dismiss without prejudice to the possibility of a future § 1983 action).

In the alternative, it appears that Smith may be claiming that the CAB was mistaken in finding him guilty of resisting when the reason he resisted was a medical condition. Smith says he had previously broken his arm, and the twisting by the officers could have caused more damage. He says he tried to tell the officers that he had a medical need for the use of double cuffs. The problem

4

with this argument is that the CAB considered Smith's testimony and the medical records and found that there was no medical order for the use of double cuffs issued until *after* Smith was written up for this charge. In his traverse Smith argues that even though the medical order was not written until after this incident, it was common knowledge that he needed double cuffs. But that was a matter for the CAB to decide based on the evidence it had before it. There was clearly "some evidence" to support the CAB's guilty finding; three officers testified that Smith broke free while being handcuffed and flushed something down the toilet. As long as there is "some evidence" to support the CAB's findings – a standard which is exceedingly modest – this Court cannot reverse the finding. Because we conclude that the evidence plainly surmounts the "some evidence" standard, Smith's claim that there is insufficient evidence to support his conviction is denied.

## CONCLUSION

For all the reasons stated, and because it is clear that none of Smith's constitutional rights have been violated, this petition for relief under 28 U.S.C. § 2254 is **DENIED.**

**IT IS SO ORDERED.**

ENTERED: May 31, 2005

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
